Good morning. Good morning, Your Honor. All right. And you are representing Mr. Mancilla Pro Bono, is that correct? Yes. He is. Correct. That's correct. All right. Well, just in advance in case I forget later, we do appreciate attorneys. We appreciate everyone that comes here, but the Court is especially appreciative of those that do pro bono service for the Court because it does facilitate our argument and the briefing. And thank you very much in advance in case I forget to thank you later. Thank you, Your Honor. Lucas Townsend on behalf of Petitioner 1, Carlos Mancilla. I would like to reserve two minutes for rebuttal, please. How much? Two minutes. Two minutes? Okay. Thank you. Mr. Mancilla, a 49-year resident of this country, is entitled to relief from the removal order on three independent grounds, each of which is sufficient to vacate the Board's decision and remand this matter to the agency for a new hearing. Cancellation of removal, withholding of removal, convention against torture. With respect to cancellation of removal, the government concedes the Board's error in this case by not defending its decision on the merits. Instead, the government relies entirely on exhaustion and waiver arguments. Those arguments fail. When Mr. Mancilla filed his appeal brief with the Board of Immigration Appeals, the law of the circuit was Jung v. Holder, and Jung v. Holder established that an inconclusive record of conviction does not satisfy a petitioner's burden of demonstrating eligibility for cancellation of removal. Only after the Board of Immigration Appeals ruled in this case did the Supreme Court change that law. It changed that law with the April 2013 decision in Moncrief and the June 2013 decision in Des Camps. Well, suppose if we believe that if we, if the panel, and I'm just, I'm giving you a hypothetical that the IJ and the BIA erred in determining that he was ineligible for cancellation of removal, should we also make a determination here whether the statute is a categorical match or whether the statute is divisible, or should we just remand it in the first instance and let the court do it? Well, Your Honor, there's actually no argument from the government that it is anything other than a categorical statute. We have argued that it is a categorical statute for the reasons set out in our brief, and the government has been silent in response. So the government essentially concedes that it is a categorical statute. So we should have them concede that, and then we'll say you didn't exhaust? Because they said you didn't exhaust, so. Well, our position, though, is that there has been a change in law after the board ruled in this case, and this court does not require administrative exhaustion based upon events occurring after a briefing to the Board of Immigration. As a former California judge, I have a question. I don't think 11-550 is under the influence of marijuana. I think your client is not being entirely honest about that. I think it's more like under the influence of heroin. Well, so there is a question about what the basis was of the conviction, but that is all the more reason why this is an inconclusive. All right. But if you look at 11-550, is marijuana under there? It is not. Okay. So he's not, it's not. That will, those will all be looking at the Shepard documents if it gets to that point, if that or, but I don't think it is. That may well be the case, Your Honor, but that's why the record of conviction is inconclusive here, and why this matter must go back to the agency. The young beholder analysis does not apply in this instance because the Supreme Court has said it is a pure elements-based inquiry, a pure legal inquiry on the elements, not the facts of the case. So let me make sure I understand your argument when you say the government says it's categorical? The government is silent. We say that it is a categorical statute. The government has not made any merits. Oh, I see. You're suggesting then there's no categorical match. Correct. Correct. This is an overbroad statute. I was trying to make sure that I had read everything you said. Right. So you're saying there's not a categorical match, and therefore we must decide whether it's divisible or not? Under this Court's recent en banc decision, in the most recent December en banc decision, yes. The one I wrote? Yes. Correct. The analysis would be to determine first whether the – determine the elements of the state conviction, and determine whether they sweep more broadly, whether it's an overbroad statute, and then at that point determine at the second step whether it is a divisible or indivisible statute. But again, there's no – Well, it doesn't seem to me to be categorical match at all, because the categories under one statute are not the same as the other. So then at the next point, we go to divisible. And my worry about this is what is there in the Shepard documents that say anything about it in the first place, whether it's divisible or it isn't? Well, two points, Your Honor. First of all, this is a – we submit that this is a fairly academic question, because again, the government has not contested that it is a categorical statute. But supposing that the Court were to go to the modified categorical approach, there are no Shepard documents in the record. And so that's a reason why it would have to go back to the agency. Well, at least no Shepard documents that are – I mean, even if I take the document that's in there and which the government wants me to suggest is enough to make a Shepard document, it doesn't help me in reading it, does it? No. No, Your Honor. It does not. First of all, it says that it's not evidence. There's a caption on that document. But it's also not a Shepard document. So that's – So if we allow you to go forward on the cancellation of removal, do we need to breach the other issues? Yes, Your Honor. We would submit that the Court should decide all three of the issues. If it's going to – Why? If you're going to go forward on cancellation of removal, why do we need to reach the rest? Well, cancellation of removal is – Well, we could rule against you on the others. The Court could decide – There's not a problem with that record. Cancellation of removal is a discretionary doctrine. Withholding of removal is not a discretionary doctrine. So they are not exactly the same. So you'd rather hit hard on the withholding rather than hit hard on the cancellation? We would – we submit that the Court should decide for us on both of those issues. I see. Well, my biggest problem with the – if you go to withholding of removal is the – whether there's substantial evidence that fits a future prosecution. Yes, Your Honor. We submit that it should not be analyzed under the substantial evidence standard, however, because there's a predicate legal error on the protected category. The standard is – you still got to have some future persecution evidence, haven't you? Yes, Your Honor, but the Court – And if, in fact, we say, okay, we'll give you a protected ground, which that's conceding something the government does not concede. But if we say, okay, we'll give you a protected ground, but as far as I'm concerned, there's no evidence in the record or there's little evidence in the record that would not support the government's or the IJ's decision that there's no future persecution in this record. Well, what the record suggests, Your Honor, is that the immigration judge was influenced by the legal error that he made on the protected ground. On page 203 of the record, he actually says as much on – beginning on page – line 11, he says – and this isn't describing the opinion – he says, and the harm you fear in the future from the gangs or from anybody else, because you're coming from the United States and perceived as having money, that's not on account of either race, religion, nationality, membership in a particular social group, or political opinion. So because it doesn't have the nexus to a protected ground, I would have to deny asylum. Well, but he also says that your client has now resided in areas where gangs are located without incident, or he has resided. He says there's no evidence the persons he identified that he had testified against are in Mexico. There's no evidence that the green light to kill has ever been relayed to gang members. It's unknown how prevalent the gangs are in Mexico, those two gangs, and the incident happened 30 years ago. That's substantial evidence to support his decision. Well, Your Honor, we think that that evidence flows from the court's legal error, first of all. If I don't agree, then you lose? Well, no. Because that's – all you're trying to say is I can read the court's decision and I can attribute the basis of the decision to what I want it to be. What I'm suggesting is I've got to have substantial evidence to support the decision. I'm not going to attribute anything to what he says. I'm not trying to second-guess him or read into it what I want to read. I just want to find if there's some substantial evidence to support it. Well, Your Honor, we submit that there is substantial evidence. What is that evidence? Well, we have Mr. Mancilla's credible and unrebutted testimony. The government did not put on – From 30 years ago. That's 30 years ago, and he had one incident in Mexico, which was questionable also. So, I mean, that – you put everything there. So if we don't agree with you that – you know, we're not going to reweigh that. I think Judge Smith talked about everything that's against you, and that's what you have for you, right? One incident in Mexico and a 30-year-ago incident in the United States. Yes, Your Honor, and the court shouldn't reweigh that. But what the court should do is correct the predicate legal error on protected category and then remand to the agency for fact-finding in light of that correct standard. Well, the protected area, protected ground, really, is establishing whether there's anything to say about past persecution. And it's whether the past persecution can then be used as a step up on the future persecution. My problem is, after I get all the way through that, if I just leave everything as it is, I'm having a tough time seeing how this record doesn't support a substantial persecution. Well, Your Honor, the legal standard is future persecution, the probability of future persecution on account of one of the protected categories, membership in a particular social group. So the fear, the well-founded fear is not a finding that the court makes in a vacuum. It is always with reference to one of the protected categories, as this court said in the Enrique Rivas case. But he still has to overcome that nothing's happened to him for 30 years on that incident in the United States. But Enrique Rivas, Your Honor, explains why membership in this particular social group, individuals who testify publicly in criminal proceedings against gangs, have social visibility and have particularity. And that is the lens through which the immigration judge did not view the record. It's the lens that this court has said must apply in viewing the evidence. How important was it that when he was held in custody, he saw one of the members against whom he had testified who then later went to Mexico? Was that an important fact? We submit that it was, Your Honor, because when he was held in custody in these proceedings, that was something that could have put the gang members on notice of Mr. Mancilla's removal from this country. How long ago did that happen? That was at the beginning of these proceedings, so that was in 2012, 2013. So that wasn't 30 years ago? The custody, correct, Your Honor, that was in these proceedings. All right. Unless there's further questions, we've gone over, but I'll give you one minute for rebuttal. Thank you, Your Honor. Thank you. Good morning. Good morning, Your Honor. May it please the Court, Linda Chang, and I represent the Attorney General. So why don't you just jump in, since I think you've seen where our focus is. Yes, and we believe that this Court should dismiss in part and deny in part the petition for review for failure to exhaust and for waiver. As you've seen in our brief, that is how we view petitioners' arguments, and that explains why we have not addressed some of these points that he raises in his opening brief. And it would be inappropriate for us to now discuss them without the benefit of any agency decision. Well, it has changed. The law has changed considerably in terms of how we analyze whether something's a categorical match as far as that goes. And at the time, I think it was perfectly reasonable for the IJ and the BIA to say that this was a drug crime. But since then, there's been a lot of modification on that, and it would seem that there's a really good argument now that 11-550 is not a categorical match. That is a really good point, Your Honor. And as you point out— Would you speak up, please? Sure. That's a really good point, Your Honor. And as you've pointed out, Moncrief, Discamps, and Almanza-Arenas all came out post the board decision. So they did not have the benefit of this. The issue was not raised before them. Well, and, you know, and the thing is, too, that we don't want lawyers at the time to raise— and this is really hard to discourage lawyers from making spurious arguments and frivolous arguments. But if there wasn't really a legal basis to make that argument, but now there is, how can we nail someone for failure to exhaust? That is a good point. Thank you. However, because these are legal questions that Petitioner has raised that may change the course of this case, he could file a motion to reopen and maybe seek out that way to redress his concerns. Well, just because he can file a motion to reopen, that doesn't eliminate the idea that we don't need an exhaustion. That is absolutely correct. It is jurisdictional, and it's clear that he has not exhausted the issue of cancellation. Just a minute. This is an exception to exhaustion that my colleague is putting the questions to you about. There's no question he must exhaust the issue unless the law is changed. You agree the law is changed. That's an exception. Then he doesn't need to exhaust because the law is changed, and he's allowed to go back under cancellation of removal. That's the question. That's the worry you have. Yes. I got another problem with that. The BIA addressed cancellation of removal. BIA right there faulted him for not filing an application, ignored the IJ, and refused him additional time to do it. The BIA specifically says that as to the merits, P does not challenge the IJ decision, which dealt with the merits. So they dealt with cancellation of removal right in their decision. Why does that not exhaust it? Your Honor, while the wording of that may seem problematic, we do not view that as an exhausted issue before the board. If the BIA addresses an issue, it's exhausted. Absolutely. Whether the person raises it or not. Absolutely. And the BIA directly dealt with it. We do not believe that the board actually dealt with it because there is no discussion. There is no ‑‑ What do you mean they didn't deal with it? They faulted him for failing to file the application. Correct. That says I don't need to deal with this because you didn't file the application. Or, in other words, I'm not ‑‑ I've got cancellation of removal dead on my plate, but I'm not going to say any more about it just because you didn't file an application. And they didn't even think about the fact that the IJ had refused him the opportunity to do it. I see your concern, Your Honor. But I think what you're looking at is petitioner's failure to file the cancellation form to begin with. So there was no finding. The reason they said he didn't file it, but they also ignored that the IJ, right in the record, refused to allow him the time to file it. If you reference back to the record, the IJ gave him eight continuances before having the merits hearing. So what? That's what the BIA could have addressed. But they refused to even talk about it. The board did not address that because it was not raised in the brief to the board. All right. So assume we think ‑‑ let's have for this hypothetical that we assume he raised it. Now what do we do? If petitioner had raised the issue of cancellation of removal to the board, it would have addressed it in some way. No, you're not understanding. Listen. Assume you lose that issue. Then what do we do? They didn't talk about it. Don't we have to send it back? Or can we decide it? You would have to send it back for its decision. Why? Well, I'd like to ask a question about substantial evidence. They found Mancilla's testimony credible. Is that correct? That is correct. All right. Testified that one of the gangs against which he testified has over 10,000 members in the United States in Mexico, and that one of the gang members against which he testified fled to Mexico. Why aren't the IJ's findings also in conflict with the unrebutted country report that said Mexico can't control the street gangs? Your Honor, just because the report states generally that Mexico can't control its street gangs doesn't mean that there is any prevalence of the 18th street gang or the 38th street gang, which petitioner allegedly fears. Additionally, it does not indicate that if they were in Mexico that they would somehow target him, because he has been living in the United States in the same general area, albeit on the other side of town, and not experienced any further harm from these gangs. Let me hit the question that counsel hit me with. I said, supposing I give you the protected ground, it doesn't seem to me that you can argue that there isn't substantial evidence to merit the IJ's determination on future persecution. His answer was, with the failure to meet the protected ground, with the failure to do that correctly, then the IJ had no opportunity to effectively evaluate the evidence as to future persecution. What is your response to that argument? Your Honor, I would disagree with that. As you pointed out, there is substantial evidence in the record with facts. That's not the question, however. Let's just assume that there's substantial evidence to support the future persecution determination, but the IJ did not give a correct decision on protected ground. Does that throw out the idea of substantial evidence on the future persecution, as counsel argues? And if not, why? Counsel argues that because he made a wrong decision on a protected ground, it doesn't matter the evidence as to future persecution, because he didn't do it with the right lens in his glasses to make that determination. That was his argument. Yes. How do you respond? Your Honor, I disagree with that. Why? What case? Tell me where I can go. I don't have a case on hand for you, but even if there is a protected ground, you must establish that there was harm that rose to the level of persecution, which the petitioner has not at this point. So even if you have one part of the equation, you must show the other, and there is no way that he has shown that in this case. Moreover, at the time, there was no error in the immigration judge's decision, and Rivas came out post the board decision. So at the time, there was no error. Thank you. Thank you, Your Honor. Your Honor asked for cases from my friend here. I can give you cases on the other side of that issue, Your Honor. The Enrique Rivas decision itself said, because the BIA erroneously assumed that the proposed social group was not cognizable under its precedent, it failed to consider significant evidence. And that's at page 1092. The COTAS decision that we cite in our reply brief, same thing. When there was an error on the protected group, the court vacated and remanded for a new hearing. Well, but when I read those decisions, I'll be fair with you. It said they failed to adequately, the IJ failed to adequately consider the evidence. I looked at the evidence here, all of the evidence in the record, and I'm still having a tough time understanding why there isn't substantial evidence to support the future persecution determination in any event, because I looked at all the evidence, and it seems to me the case you cited, they left out evidence. They didn't look at all of it the same way. In this situation, I feel the IJ did. I can give Your Honor another case that is not cited in the briefing but also addresses the same point. Well, I'm glad to get it. Cruz v. Lynch. It's within the past six months, 613 Federal Appendix at page 663. Have you given that to counsel? No. No, Your Honor, we have not. It was a recent decision and not in our briefing. If we're going to consider it, we ought to give counsel a chance to look at it. It's in the same line as the COTAS and the Enrique Rivas decision. But, Your Honor, we submit that if there is another hearing on the merits where evidence is taken, of course there's going to be new evidence on cancellation of removal. There may well be a different evidentiary record on remand. As long as the immigration judge applies the correct legal standard, we submit that there would be substantial evidence for withholding of removal in this case. If the panel does not have any more questions, we will rest. All right. Thank you both for your argument. And once again, thank you for your pro bono work. This matter will stand submitted. Thank you.
judges: D.W. Nelson, Callahan, N.R. Smith